## PEOPLE v. LOCRICCHIO.

1. AUTOMOBILES—WEIGHMASTER—TRUCK MARKINGS—STATUTES.

A State highway department weighmaster is authorized by statute to stop and weigh a truck on the highways that is not marked with the information required by statute relative to weight and carrying capacity and the name and address of the registered owner (CLS 1952, § 257.723).

2. SEARCHES AND SEIZURES—WITHOUT WARRANT—PROBABLE CAUSE —TRUCKS—CIGARETTES.

There was probable cause to believe that defendant truck operator was committing a felony where a State highway department weighmaster stopped the truck which was not marked as to weight and carrying capacity, name and address of the owner, defendant volunteered that he was carrying a load of cigarettes and invited the State police to examine the load; hence, a search of the truck without a search warrant was justified and upon defendant's admission that he did not have the permit and papers required by law and his lack of them established the felony and justified the seizure of the cigarettes (CL 1948, § 205.509, as amended by PA 1951, No 78; PA 1949, No 300, § 724, as amended by PA 1951, No 233; CLS 1952, § 257.723).

3. CONSTITUTIONAL LAW—COMMERCE CLAUSE—CIGARETTE TAX ACT.

The cigarette tax act is not unconstitutional as a violation of the commerce clause of the Federal Constitution insofar as applied to defendant truck operator whom peace officers had probable cause to believe was committing a felony and were justified in searching his truck and seizing the cigarettes being illegally possessed and transported (US Const, art 1, § 8; CL 1948, § 205.501 et seq., as last amended by PA 1951, No 78, PA 1949, No 300, § 724, as amended by PA 1951, No 233; CLS 1952, § 257.723).

4. COMMERCE—CIGARETTE TAX ACT.

The cigarette tax act, as applied to truckload of cigarettes being

---

REFERENCES FOR POINTS IN HEADNOTES

[1] See, generally, 37 Am Jur, Motor Transportation § 34.
[2] 47 Am Jur, Searches and Seizures § 18.
[3] See, generally, 11 Am Jur, Commerce § 97.

transported from another State to destination in this State
contrary to State statutes, does not run afoul of the interstate
commerce clause of the Constitution of the United States (US
Const, art 1, § 8; CL 1948, § 205.501 *et seq.,* as amended; CLS
1952, § 257.723).

Appeal from Monroe; Golden (Clayton C.), J.
Submitted January 13, 1955. (Docket No. 60, Cal-
endar No. 46,067.) Decided April 14, 1955.

Angelo Locricchio was arrested and charged under
the cigarette tax act with the unlawful possession of
cigarettes and the unlawful transportation thereof.
Motions to dismiss, suppress all evidence and quash
all proceedings granted. Orders entered holding
cigarette tax act unconstitutional and the arrest
illegal. Plaintiff appeals. Reversed, orders vacat-
ed, and defendant ordered held for trial.

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *Daniel J. O'Hara,
T. Carl Holbrook* and *Maurice Barbour,* Assistants
Attorney General, and *Robert N. Sawyer,* Prosecut-
ing Attorney, for plaintiff.

*Orion P. Barron (Rottman, Siegel & Sugar,* of
counsel), for defendant.

DETHMERS, J.   Defendant was charged with 2
criminal offenses, allegedly committed on January
30, 1952, (1) that he unlawfully, without a license,
possessed, as an unclassified acquirer, 279 cases of
cigarettes of a wholesale price exceeding $50, and
(2) that he unlawfully transported the same on a
Michigan highway without having in his possession
invoices or bills of lading therefor or a license for
transporting the same, contrary to PA 1947, No
265, as amended (CL 1948, § 205.501 *et seq.,* as last
amended by PA 1951, No 78 [Stat Ann 1950 Rev
and Stat Ann 1951 Cum Supp § 7.411(1) *et seq.*]).

The people appeal from orders of the circuit court granting defendant's motion to dismiss, suppress and quash on the grounds that the arrest and subsequent search and seizure were illegal and that the act, as sought to be enforced against defendant, was violative of the commerce clause of the Federal Constitution and unconstitutional.

The facts are largely undisputed. Defendant did possess and was transporting the cigarettes in violation of statute in the respects and manner charged. While defendant was driving a truck a weighmaster of the State highway department saw that it bore no markings or information relative to weight and carrying capacity, the name and address of its registered owner, et cetera, as required by CLS 1952, § 257.723 (Stat Ann 1952 Rev § 9.2423), and consequently he became suspicious that the weight of the vehicle and load was unlawful. Under authority of PA 1949, No 300, § 724, as amended by PA 1951, No 233 (Stat Ann 1951 Cum Supp § 9.2424), he stopped defendant for the purpose of weighing the truck to determine whether it was in violation of statute. In response to inquiry the defendant thereupon told him that he was hauling cigarettes, offered to show them to him, and said, "Couldn't we fix it up somehow" so that he could take the load on through. The weighmaster then ordered defendant to park the truck near the highway and to get into the former's automobile with him, caused the State police to be called and detained defendant for them until they arrived some 20 minutes later. Upon their arrival one of the State troopers asked defendant what he was carrying and he replied, "Well, look for yourself." The troopers accepted the invitation and saw the cigarettes. Thereafter they arrested defendant, searched him, took his papers, asked for the bill of sale, permits, et cetera, but he had none of the papers required by statute. He told them that

he had picked up the load in Akron, Ohio, and was taking it to Ypsilanti, Michigan. The State policemen had received a report earlier that day "that a truckload of contraband cigarettes was coming in from out of the State." Defendant had never applied for nor been granted a license as an unclassified acquirer or transporter of cigarettes, no permit had been issued for this load and no tax had been paid on it.

The appearance of the truck, not marked with the information required by statute, afforded ample basis for reason to believe that the weight of the vehicle and load might be unlawful. Accordingly, the weighmaster was authorized by statute to stop defendant for the purpose of weighing the truck. Defendant's volunteering of the information that he was carrying a load of cigarettes and offer to "fix it up" so that he could go on with the load, coupled with the lack of markings on the truck required by law, and followed by his invitation to the State policemen to look into the truck where they saw the cigarettes sufficed to give rise to probable cause to believe that he was then and there committing a felony and justified a search of the truck without search warrant (*People* v. *Chyc,* 219 Mich 273; *People* v. *Absher,* 240 Mich 107; *People* v. *Weaver,* 241 Mich 616 [58 ALR 733]), as well as defendant's arrest without a warrant. His subsequent admission to officers that he did not have the permit and papers required by law and his lack of them established the felony and justified seizure of the cigarettes and their use in evidence. CL 1948, § 205.509, as amended by PA 1951, No 78 (Stat Ann 1951 Cum Supp § 7.411[9]); *People* v. *Goss,* 246 Mich 524. The arrest, search and seizure were legal.

The contention that the cigarette tax act, as here sought to be applied to defendant, runs afoul of the

commerce clause of the Federal Constitution* and is therefore unconstitutional is without foundation. We repeat here everything we said on that subject in *People* v. *Asta*, 337 Mich 590, which is controlling of decision that the act does not offend in the manner asserted.

The orders appealed from are reversed, vacated and set aside and defendant will be held for trial.

CARR, C. J., and BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.