686 N.W.2d 752 (2004)
262 Mich.App. 363
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
GENTNER, INCORPORATED, Defendant-Appellee.
Docket No. 249559.
Court of Appeals of Michigan.
Submitted June 3, 2004, at Lansing.
Decided June 10, 2004, at 9:05 a.m.
Released for Publication August 18, 2004.
*753 Michael A. Cox, Attorney General, Thomas L. Casey, Solicitor General, Henry C. Zavislak, Prosecuting Attorney, and Jerrold Schrotenboer, Chief Appellate Attorney, for the people.
Law Offices of Sullivan and Leavitt, P.C. (by Michael J. Leavitt), Northville, for the defendant.
Before: HOEKSTRA, P.J., and O'CONNELL and DONOFRIO, JJ.
DONOFRIO, J.
Plaintiff appeals by leave granted a circuit court order reversing the district court's finding that defendant was responsible for the civil infraction of overweight vehicle, MCL 257.722(1)(b), dismissing the complaint, and ordering that all fines and costs be refunded to defendant. Because we find that the "reason to believe" requirement of MCL 257.724(1) is not an element that must be proven in a prosecution for the civil infraction of overweight vehicle, MCL 257.722, we reverse.
Substantive Facts and Procedural History
The facts of this case are not in dispute. On November 6, 2002, Michigan State Police Motor Carrier Officer Jennifer Jansen stopped defendant's gravel hauler on Clear Lake Road near I-94 in Jackson County. She instructed the driver to go to the westbound scales where the truck proved to be overweight by 880 pounds. Defendant was subsequently cited for a violation of MCL 257.722(1)(b), which limits loads for trucks of the type being driven in this case to 13,000 pounds per axle.
Subsequently, defendant requested a formal hearing on the matter. A hearing was held and, after the close of proofs, defense counsel argued for the first time that the case should be dismissed because the officer lacked probable cause to stop the vehicle. Specifically, defendant moved for a directed verdict, arguing that the "reason to believe" requirement of MCL 257.724(1) was a necessary element of the offense, that the prosecution had not presented any evidence on this point, and that defendant therefore was entitled to a directed verdict. Without waiting for the prosecutor's response, the district court opined defendant essentially waived the issue by waiting until after the close of proofs to raise it. The court also rejected the argument on the ground that "[t]his is *754 a civil infraction, it's not a criminal matter." The court found defendant responsible for the infraction and assessed a fine of $529.20.
Defendant then filed an appeal to the circuit court, again arguing that the "reason to believe" requirement of MCL 257.724(1) was a necessary element of an overweight vehicle violation under MCL 257.722 and that defendant was entitled to a directed verdict. After hearing arguments from both parties, the circuit court agreed with defendant and found the "reason to believe" requirement an integral element of an MCL 257.722 offense and reversed the district court's ruling. Later, the court entered an order reflecting its ruling and directing that all fines and costs be refunded. It is from this order that plaintiff appealed by leave granted.

Analysis
Plaintiff contends that the circuit court erred in reversing the district court's decision because the district court correctly concluded that the police officer having "reason to believe" the vehicle is overweight is not an element of the infraction. Defendant counters that the circuit court correctly determined the "reason to believe" standard is an element of the offense at issue and, because the prosecution failed to introduce any evidence demonstrating that the officer had any reason to believe the truck was overweight, the prosecution failed to meet its burden. We review this question of statutory interpretation de novo. People v. Davis, 468 Mich. 77, 79, 658 N.W.2d 800 (2003).
At issue in this case are two motor vehicle statutes. MCL 257.722 sets forth the maximum axle and wheel loads allowable under Michigan law, and includes technical methods for determining the weight of vehicles. MCL 257.724 provides the authority for officials to require the weighing of vehicles suspected of being overweight under MCL 257.722. Specifically, MCL 257.724(1) states as follows:
A police officer or a duly authorized agent of the state transportation department or a county road commission having reason to believe that the weight of a vehicle and load is unlawful may require the driver to stop and submit to a weighing of the vehicle by either portable or stationary scales approved and sealed by the department of agriculture as a legal weighing device, and may require that the vehicle be driven to the nearest weighing station of the state transportation department for the purpose of allowing an officer or agent of the state transportation department or county road commission to determine whether the conveyance is loaded in conformity with this chapter.
And, MCL 257.724(3) states in relevant part:
An owner of a vehicle or a lessee of the vehicle of an owner-operator, or other person, who causes or allows a vehicle to be loaded and driven or moved on a highway, when the weight of that vehicle violates section 722 is responsible for a civil infraction and shall pay a civil fine....
The primary goal of judicial interpretation is to ascertain and give effect to the intent of the Legislature. Gladych v. New Family Homes, Inc., 468 Mich. 594, 597, 664 N.W.2d 705 (2003). "If the statute is unambiguous, the Legislature is presumed to have intended the meaning plainly expressed and judicial construction is neither required nor permitted." Solution Source, Inc. v. LPR Assoc. Ltd. Partnership, 252 Mich.App. 368, 373, 652 N.W.2d 474 (2002). A clear and unambiguous statute leaves no room for judicial construction or interpretation. Gladych, supra, at 597 664 N.W.2d 705; Herald Co. *755 v. Bay City, 463 Mich. 111, 117-118, 614 N.W.2d 873 (2000).
A careful reading of the statutes involved reveals that the two statutes clearly are interrelated. MCL 257.722 limits the weight a vehicle may transport under Michigan law, and MCL 257.724(1) provides the authority for officials to stop vehicles to check for violations under MCL 257.722. However, nothing in the plain language of either statute suggests that the "reason to believe" requirement imposed under MCL 257.724(1) is a necessary element required to establish a violation under MCL 257.722. Because the language of the statutes is unambiguous, no further interpretation is permitted and we must not "read in" additional requirements or elements where they are not plainly expressed. Thus, on the basis of the statutory language alone, we find that the police officer having "reason to believe" the vehicle is overweight is not an element of an infraction under MCL 257.722(1)(b).
Regarding case precedent, the circuit court cited the case of People v. Locricchio, 342 Mich. 210, 69 N.W.2d 723 (1955), in support of its finding that the "reason to believe" requirement of MCL 257.724(1) constituted a mandatory element of an MCL 257.722 violation. Aside from the fact that the case is factually distinguishable because the defendant filed a motion to suppress evidence before trial and the record showed that the officer had a "reason to believe" to stop the defendant, the case nowhere addresses the issue that "reason to believe" is an element of the offense. That case does not stand for the proposition that the "reason to believe" requirement of MCL 257.724(1) is a mandatory element of an overweight vehicle violation under MCL 257.722, but instead stands for the proposition that the appearance of an unmarked truck affords ample basis for reason to believe that the weight of the vehicle and load might be unlawful. Id., at 213, 69 N.W.2d 723. The remaining cases cited by defendant do not support its argument and are not persuasive.[1]
Finally, further bolstering our opinion is the issue of waiver. In People v. Carroll, 396 Mich. 408, 411-412, 240 N.W.2d 722 (1976), the Supreme Court addressed an identical situation:
We need not reach the merits because we find that this issue was not preserved for appeal. Defense counsel failed to make any objection to the testimony of the police officers on this basis. Additionally, no suppression motion was ever made. A motion to suppress evidence must be made prior to trial or, within the trial court's discretion, at trial. People v. Ferguson, 376 Mich. 90, 135 N.W.2d 357 (1965). Such a motion allows the trial judge to make the initial determination and serves as a means to finely tune the facts for appellate review. It is improper to review this issue.
Here, defense counsel did not move for suppression of the officer's testimony before trial, never objected to the officer's testimony during trial, and failed to move for suppression during trial. Despite presumably knowing throughout the course of the one-day trial that he was going to raise this argument, defense counsel waited until after the close of proofs to assert that the court should dismiss the charges. Instead, counsel chose to make an end-run around the waiver issue and argue that "reason to know" is an element of the *756 infraction rather than properly raising a Fourth Amendment unreasonable search and seizure argument.[2] Undoubtedly, the issue was not properly raised or preserved for appellate review, and the district court did not err in refusing to address the issue because defendant failed to raise it in a timely manner. Carroll, supra.

Conclusion
The plain language of the two statutes in question do not support the conclusion that the "reason to believe" requirement of MCL 257.724(1) is an essential element of an overweight vehicle violation under MCL 257.722. Additionally, such a conclusion is not supported by any case law or other legal authority. Accordingly, we conclude that the circuit court erred in so ruling, reverse the circuit court order, and reinstate the civil infraction adjudication made by the district court.
Reversed.
JOEL P. HOEKSTRA and PETER D. O'CONNELL, JJ., concur.
NOTES
[1] See People v. Montgomery, 332 Ill.App.3d 817, 265 Ill.Dec. 863, 773 N.E.2d 225 (2002); City of Livonia v. Goretski Constr. Co., 229 Mich.App. 279, 581 N.W.2d 761 (1998); State v. Myers, 63 Ohio App.3d 765, 580 N.E.2d 61 (1990).
[2] We believe it necessary to note that the protections provided by the Fourth Amendment against unreasonable searches and seizures apply in the context of civil cases. Dep't of Natural Resources v. Seaman, 396 Mich. 299, 322, 240 N.W.2d 206 (1976) (Kavanagh, C.J., concurring), citing Boyd v. United States, 116 U.S. 616, 633-634, 6 S.Ct. 524, 29 L.Ed. 746 (1886); see also Tallman v. Dep't of Natural Resources, 421 Mich. 585, 365 N.W.2d 724 (1984); Dep't of Natural Resources v. Hermes, 101 Mich.App. 517, 301 N.W.2d 307 (1980).