PEOPLE v. ADAMOWSKI.

1. APPEAL AND ERROR—SUPREME COURT—INTENT—STATUTES—COMPUTATION OF FINE.

The Supreme Court has the duty of determining legislative intent of statute, where case is of first impression and presents a question as to the method of computing the fine imposed by statute (CLS 1952, §§ 257.716, 257.717, 257.719, 257.722, 257.724, 257.725).

2. AUTOMOBILES—OVERWEIGHT VEHICLES—CONSTRUCTION OF STATUTES.

The provision of the vehicle code setting forth penalties for operating overweight vehicles on the public highways must be construed in connection with the provision of the same act setting forth the maximum loads which may be carried on such highways (CLS 1952, §§ 257.722, 257.724).

3. SAME—OVERWEIGHT LOAD—MAXIMUM AXLE OR WHEEL LOADING.

The penalties for overweight loads of vehicles on the public highways must be determined according to the excess beyond the maximum axle or maximum wheel loadings permitted by the vehicle code rather than the maximum load for the entire vehicle or combination of vehicles (CLS 1952, §§ 257.722, 257.724).

4. STATUTES—CONSTRUCTION—LEGISLATIVE REJECTION.

The legislature's rejection of statutory language which would support contention of a party for a particular construction of statute involved precludes a court from giving the construction contended for in the absence of a clear and cogent reason to the contrary.

5. SAME—STRICT CONSTRUCTION OF PENAL STATUTE.

A penal statute should be construed strictly in favor of the defendant.

6. AUTOMOBILES—OVERWEIGHT LOAD—CONSTRUCTION OF STATUTES.

The provision of the vehicle code imposing a scale of penalties graduated according to the amount of excess weight is construed as being based on the amount of the excess for each axle, not the total of such excess for the entire vehicle or combination of vehicles, nor such total less the "underload" of any axle (CLS 1952, §§ 257.722, 257.724).

---

REFERENCES FOR POINTS IN HEADNOTES

[2, 3, 6] 5 Am Jur, Automobiles § 51.
[4] 50 Am Jur, Statutes § 330.
[5] 50 Am Jur, Statutes § 407.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 15, 1954. (Calendar No. 46,036.) Decided September 8, 1954.

Steve Adamowski was convicted before a justice of the peace of operating a truck with overweight load and appealed to circuit court where, after imposition of a similar fine, a re-computation was made of the overweight and the fine reduced accordingly. Plaintiff appeals. Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Russell A. Searl,* Assistant Attorney General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Charles P. Lockwood,* Assistant Prosecuting Attorney, for plaintiff.

*Harold J. Waples, Robert C. Winter, Arthur P. Boynton,* and *Clark, Klein, Brucker & Waples,* for defendant.

BUSHNELL, J. The people were granted leave to appeal from a sentence imposed upon defendant Steve Adamowski, who was convicted of the operation of an overweight vehicle on the public highway in violation of PA 1949, No 300, §§ 716, 717, 719, 722, 724, 725, as amended by PA 1952, No 13 (CLS 1952, §§ 257.716, 257.717, 257.719, 257.722, 257.724, 257.725 [Stat Ann 1952 Rev §§ 9.2416, 9.2419, 9.2422 and Stat Ann 1952 Cum Supp §§ 9.2417, 9.2424, 9.2525]).

The question presented involves the method of computing the fine imposed by statute. It is one of first impression and, in the absence of a controlling decision, we have the duty of determining the legislative intent.

The complaint and warrant alleged an overweight of 8,530 pounds. After a hearing, Adamowski was found guilty by a justice of the peace and fined $850.

He appealed to the circuit court, where his motion to dismiss was denied. Adamowski was again found guilty and fined $850.

The vehicle in question was designated in trucking industry nomenclature as an "oil or gasoline train." It was composed of a 2-axle tractor which is designed to pull a semitrailer, a semitrailer with 1 axle and which is connected to and rests upon the tractor, and a 2-axle trailer, referred to as a 4-wheeler, which in turn is connected to the rear of the semitrailer, the 3 component units being called a train. The weighted axles carried a total of 80,530 pounds distributed as follows:

| | |
|---|---|
| Tractor rear axle (2d axle) | 21,610 pounds |
| Semitrailer axle (3d axle) | 19,520 " |
| Trailer front axle (4th axle) | 19,750 " |
| Trailer rear axle (5th axle) | 19,650 " |
| Total | 80,530 pounds |

The circuit judge filed a written opinion in which he determined that the total overweight of 8,530 pounds was distributed on the axles of the vehicles as follows:

| | |
|---|---|
| Tractor rear axle (2d axle) | 3,610 pounds |
| Semitrailer axle (3d axle) | 1,520 " |
| Trailer front axle (4th axle) | 1,750 " |
| Trailer rear axle (5th axle) | 1,650 " |
| Total | 8,530 pounds |

In computing the fine the trial judge applied the statutory rate of 10 cents per pound to the total overweight in accordance with an opinion of the attorney general, numbered 1567 and dated June 30, 1952. Adamowski filed a "motion for a new trial or for reduction of sentence" on various grounds, among which he claimed that the sentence imposed was contrary to the provisions of PA 1949, No 300, § 724, as amended by PA 1952, No 13 (CLS 1952, § 257.724, Stat Ann 1953 Cum Supp § 9.2424). The trial judge

determined that, although other reasons assigned were without merit, he would, nevertheless, reverse his previous holding as to the method of computing the fine, and held that the statutory formula should be applied to the overweight on each individual axle rather than to the total overweight on all the axles combined. The fine was accordingly reduced from $850 to $255.

A recital of certain provisions of the act in question is necessary:

Section 722 of the vehicle code (PA 1949, No 300, being CLS 1952, § 257.722 [Stat Ann 1952 Rev § 9.2422]) provides in part:

"Sec. 722.(a)   In no case shall the maximum axle load exceed the number of pounds designated in the following provisions which prescribe the distance between axles:

"1. When the axle spacing is 9 feet or over between axles, the maximum axle load shall not exceed 18,000 pounds for vehicles equipped with high pressure pneumatic or balloon tires.

"2. When the axle spacing is less than 9 feet between 2 axles but more than 3-1/2 feet, the maximum axle load shall not exceed 13,000 pounds for high pressure pneumatic or balloon tires.

"3. When 2 axles are spaced less than 3-1/2 feet apart the combined weight thereof shall not exceed the maximum weights as specified for a single axle when spaced 9 feet or more apart.

"4. The foregoing shall be known as the normal loading maximum.

"(b)  When such normal loading is in effect the State highway commissioner and, local authorities with respect to highways under their jurisdiction, shall have the authority to designate certain highways, or sections thereof where bridges and road surfaces are adequate for heavier loading, which designation may be revised as needed, on which the maximum tandem axle assembly loading shall not

exceed 16,000 pounds for any axle of such assembly.

"(c)  On any legal combination of vehicles, only 1 tandem axle assembly shall be permitted on such designated highways at the gross permissible weight of 16,000 pounds for any such axle and no other tandem axle assembly in such combination of vehicles shall exceed a gross weight of 13,000 pounds for any such axle."

Section 724(c) of the vehicle code, as amended by PA 1952, No 13, being CLS 1952, § 257.724 (Stat Ann 1953 Cum Supp § 9.2424) provides:

"(c)  Any driver or owner of any vehicle as defined in this act who violates the provisions of section 722 of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be assessed a fine in an amount equal to 2 cents per pound for each pound of excess load over 1,000 pounds when the excess is 2,000 pounds or less; 4 cents per pound for each pound of excess load when the excess is over 2,000 pounds but not over 3,000 pounds; 6 cents per pound for each pound of excess load when the excess is over 3,000 pounds but not over 4,000 pounds; 8 cents per pound for each pound of excess load when the excess is over 4,000 pounds but not over 5,000 pounds; 10 cents per pound for each pound of excess load when the excess is over 5,000 pounds."

The purpose of the recent legislative enactment (PA 1952, No 13) was so recently stated in *People* v. *Wolfe,* 338 Mich 525, that quotation therefrom is unnecessary.  See pages 540 and 541.

An examination of the statutory provisions indicates that section 724 should be construed in the light of the language of section 722, which refers only to maximum axle and maximum wheel loads. No reference or mention is made therein of maximum loads for the entire vehicle or combination of vehicles.  It seems clear, therefore, that the term "excess load" as used in section 724(c) refers to the

amount that the load on an axle or on a wheel exceeds the maximum statutory limit.

The history of Senate Bill No 58, which became P A 1952, No 13, is important. The trial judge in his amended opinion relied upon the action taken in the senate with regard to this section. Bill No 58 was reported back to the senate by the committee on judiciary, with the following limitation:

"Amend section 724, line 63, by striking out 'the term excess load as used in this section shall mean the weight in excess of the total of the gross weights permitted by law to be placed upon the several axles of each vehicle or combination of vehicles operated by 1 power unit.'" 1 Michigan Senate Journal 1952, Regular Session, page 103.

This amendment was favorably reported on by the committee of the whole and the senate agreed. (1 Michigan Senate Journal 1952, Regular Session, page 119.) With this language stricken, the bill then became Act No 13.

The State contends that the deletion of the quoted language from the bill does not evince a legislative intent, "that the graduated scale of fines should be applied to the overweight upon each individual axle, instead of totaling the overweight and applying such scale to the sum or total of overweight thus obtained."

The Attorney General's opinion No 1567 is quoted by the people in support of the contention that that interpretation should be applied. The opinion reads in part:

"The question presented is whether the fine, as established in section 724, is to:

"'(1) Apply to overloads on individual axles so if 1 axle is overloaded 3,500 pounds, another axle is overloaded 2,500 pounds, and 3 remaining axles are underloaded, the fine will be determined by multi-

plying the 3,500 pounds overload on 1 axle by 6 cents and the 2,500 pounds overload by 4 cents, and adding the 2 resulting figures; or

" '(2) Using same illustration, adding the 3,500 pound overload and the 2,500 overload and multiplying the resulting 6,000 pounds overload by 10 cents; or

" '(3) Add the 3,500 pounds overload and the 2,500 pounds overload and subtract therefrom the amount any of the other axles are underloaded, obtain an adjusted weight for the whole truck, and multiply this figure by the appropriate statutory rate.'

"As distinguished from section 722, which deals with the maximum load per axle, section 724 provides for the weighing of 'a vehicle and load' and in prescribing a fine makes the amount thereof dependent upon the number of pounds of 'excess load.' For the purpose of establishing the amount of assessable fine, the legislature used as a yardstick the amount of the overweight of the entire vehicle and load rather than differentiating as to the overweight on each of the axles. This view is supported by the fact that even though there is more than 1 overweighted axle, there is only 1 offense and 1 fine imposed. While section 722 prescribes the maximum axle load, a violation thereof would not be an offense were it not declared so by section 724, which also prescribes the fine assessable in case of violation thereof. For that reason the first suggested interpretation is rejected.

"We now turn to the third suggested interpretation. Is the fact that there are 'underloaded' axles any defense to a charge based upon the 2 overloaded axles? Obviously not. Damage to highways caused by trucks with overloaded axles thereon is in no way diminished by the presence of additional 'underloaded' axles. For the same reason, the violator is not entitled in the computation of the fine to a deduction by the amount of such 'underload.' It follows that the third interpretation is likewise rejected.

"For the reasons above outlined, the attorney general is of the opinion that the amount of the fine should be determined by adding the total amount of overweight of each overloaded axle and multiplying the total thereof by the number of cents per pound prescribed by section 724."

When the legislature affirmatively rejected the statutory language which would have supported the State's present view, it thereby made its intention crystal clear. We should not, without a clear and cogent reason to the contrary, give a statute a construction which the legislature itself plainly refused to give. This Court said in *Wayne County* v. *Auditor General,* 250 Mich 227, 235, in construing an act for the distribution of highway funds, that:

"The legislative history of the 1927 act reveals the fact that while it was pending in the legislature, a proposed amendment was rejected which, if embodied in the act, would have rendered it subject to plaintiff's interpretation and not to that of the defendant. * * * Surely this gives rise to the inference that the legislature did not intend the act should be subject to the interpretation now urged by plaintiff."

The statute being penal in nature should be construed strictly in favor of defendant. (3 Sutherland, Statutory Construction [3d ed], § 5604, p 49.) Such construction requires the interpretation placed upon the statute by the trial judge in his second opinion.

The verdict and sentence are affirmed.

BUTZEL, C. J., and CARR, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.

KELLY, J., did not sit.