PEOPLE *v.* MIRON

OPINION OF THE COURT

1. CRIMINAL LAW—HIGHWAYS—LOAD RESTRICTIONS—SUBMISSION TO WEIGHING—STATUTE.

Statute making it a misdemeanor for a truck driver to knowingly fail to stop when requested to do so by weighmaster on a highway is penal in nature and therefore is to be strictly construed in favor of defendant (MCLA § 257.724[f]).

2. CRIMINAL LAW—HIGHWAYS—LOAD RESTRICTIONS—SUBMISSION TO WEIGHING—STATUTE.

Defendant dump truck driver's conviction for refusing to submit to weighing of his vehicle cannot stand where the statute only makes it unlawful to knowingly refuse to stop when requested to do so by proper authority and where there is no evidence that defendant ever knew he was requested to stop until he stopped of his own accord at the end of his journey (MCLA § 257.724[f]).

DISSENTING OPINION

J. H. GILLIS, J.

3. CRIMINAL LAW—HIGHWAYS—LOAD RESTRICTIONS—SUBMISSION TO WEIGHING—STATUTE.

*A conviction of a truck driver for knowingly refusing to stop on request of a weighmaster must be based on a reasonable inference of knowledge on the part of defendant that he was requested to stop, and should be affirmed where the record in the case reveals no error on the part of the trial court in drawing such an inference (MCLA § 257.724[f]).*

REFERENCE FOR POINTS IN HEADNOTES

[1–3]  7 Am Jur 2d, Automobiles and Highway Traffic §§ 160, 167.

Appeal from Wayne, Charles Kaufman, J. Submitted Division 1 January 8, 1969, at Detroit. (Docket No. 4,873.) Decided March 25, 1969.

Joseph W. Miron, Jr., was convicted of refusing to submit to a truck weighing. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Pevos & Pevos,* for defendant.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

LESINSKI, C. J. Defendant appeals from a misdemeanor conviction for refusing to submit to a truck weighing, MCLA § 257.724(f) (Stat Ann 1965 Cum Supp § 9.2424[f]).

Two truck weighing inspectors for the Wayne County Road Commission were travelling in a tan colored, marked road commission car on Lilley Road in western Wayne County, on June 5, 1967. They observed a dump truck approaching from the opposite direction with a load which, it appeared to the officers, might exceed the posted load limits for that road. They turned on their red dome flasher and flashed their headlights as defendant's truck approached. However, neither officer stated affirmatively at trial that defendant gave indication he saw their signals or that he knew they were signaling him to stop. The truck continued several hundred yards down the road and turned into a private dumping site for a concrete batch plant. By the

time the officers turned their car around and followed, the truck was parked on the private property and they pulled in beside it.

Officer Ericson testified that "I asked him if he understood the red light and didn't he see me flash my headlights. The defendant replied: 'Do you know how many times a day people flash their lights at me'?" The officers then asked how much material was on the truck and said that they wanted to weigh it. As they began preparing their portable scales, defendant got in the truck, backed it up and dumped the load, whereupon he was given a ticket which led to his conviction for violation of MCLA § 257.724(f), *supra*.

Defendant was first tried in justice court for the city of Wayne. Upon conviction, he appealed to circuit court where a trial *de novo* again resulted in conviction. On appeal to this Court, defendant contends that the circuit judge erred as a matter of law in finding that defendant violated MCLA § 257.724(f) on the facts of this case.

The ticket was issued for dumping the load, *i.e.*, refusing to submit to a weighing. However, MCLA § 257.724(f), by its terms, punishes "any driver or owner of any vehicle who knowingly fails to stop when requested or ordered to do so". Both officers testified on cross-examination that there was no indication that defendant saw their signals or knew they were signalling him on the highway.[1] They both

---

[1] Testimony of Officer Robert Doctor:

"*Q.* Did you make any observation at the time the defendant's truck passed you on the highway which indicated to you that he knew that you were signalling him to stop?

"*A.* I couldn't say that he saw us."

Testimony of Officer Paul Ericson:

"*Q.* Now, what observation did you make that would enable you to state, if at all, that the defendant knew that you were signalling him to stop?

"*A.* At the—at the time I signalled him, none. Until the time after he was stopped."

maintained instead that the violation occurred after
defendant had stopped of his own accord, when he
refused to submit to a weighing.

The trial court commented that "I cannot see any
difference between failing to actually stop a car
that is in progress or failing to stop unloading a
car, whether he unloaded the truck so that a weigh-
ing could not be done or whether he had got in the
truck and driven off". However, it is clear that the
legislature did see a difference since elsewhere in the
same statute it speaks of the authority of the officers
to order drivers to "stop *and submit to a weighing*".[2]
(Emphasis supplied.)   The legislature could easily
have used this same language in the penal clause of
MCLA § 257.724(f), but it did not do so; the section
punishes only those who knowingly fail to stop,
saying nothing about submission to weighing after
stopping.   In view of this fact, and in view of the
admonition of *People* v. *Adamowski* (1954), 340
Mich 422, 429, that this statute, being penal in nature,
should be construed strictly in favor of defendant,
we must give the word "stop" as used in this section
its strict meaning of "stop the forward progress of
the vehicle".

Since the officers herein could not say that defend-
ant knew they were signalling him on the highway,
and the record reveals no evidence from which the
trial court as trier of fact could properly find that
the defendant knew he was ordered to stop and dis-
regarded the order, he cannot be convicted of know-
ingly failing to stop under MCLA § 257.724(f).

Evidence presented of the actions of the driver
while upon the highway is consistent with innocence.

While the contumacious conduct of the driver in
unloading the truck to avoid weighing of the load

[2] MCLA § 257.724(a)  (Stat Ann 1965 Cum Supp § 9.2424[a]);
MCLA § 257.724(f)  (Stat Ann 1965 Cum Supp § 9.2424[f]).

may tend to set one against the driver, we cannot allow ourselves to disregard his rights in the matter. The element of hot pursuit such as would allow a public officer to proceed after the defendant onto private property is lacking here. The mere suspicion that the defendant's truck was overloaded is no justification for entry upon private property even though the truck had just left the public highway. All the testimony in this case indicates the weighmasters conceived the offense to have occurred on private property.

This case is a rare circumstance. There is no evidence that the defendant's truck was overloaded, nor was he on trial for weight overload. Under the facts of this case, the alleged offense having occurred within a short distance of the truck's terminal point, no clear evidence was available on the vital fact that defendant was ordered to stop and knowingly disregarded the order. The defiant acts of defendant occurred after he had stopped at his regular destination, and he dumped the load where it was supposed to be delivered.

Defendant's acts of load weighing avoidance, if practiced under other circumstances, would undoubtedly constitute other criminal or civil violations. But on these facts, defendant cannot be punished for failure to stop under MCLA § 257.724(f) (Stat Ann 1965 Cum Supp § 9.2424[f]), as that statute is herein construed.

Reversed.


T. M. BURNS, J., concurred.


J. H. GILLIS, J. (*dissenting*). The statute pursuant to which defendant was convicted provides:

"Any driver * * * of any vehicle who *knowingly* fails to stop when requested or ordered to do

16 MICH APP 499

Dissenting Opinion by J. H. GILLIS, J.

so by * * * a representative or agent of a county road commission, authorized to require the driver to stop and submit to a weighing of his vehicle and load by means of a portable scale is guilty of a misdemeanor." (Emphasis supplied.) MCLA § 257.724 (f) (Stat Ann 1965 Cum Supp § 9.2424[f]).

Defendant argues that the people failed to establish beyond a reasonable doubt that he "knowingly" failed to stop. It is true that the people must establish that the defendant "knowingly" failed to stop as a part of the *corpus delicti.* It is an elementary proposition that the *corpus delicti* cannot be established by the confession or admission of the defendant. Here, even if the defendant had admitted that he "knowingly" failed to stop, such statement would have been inadmissible to establish the *corpus delicti.*

The weighmasters cannot testify in any case that a driver "knowingly" failed to stop since such testimony would be inadmissible on the basis that it constituted a legal conclusion which only the court can draw from a given set of facts. Therefore, in order to convict any driver pursuant to this section of the statute the trial court must draw a reasonable inference based upon the facts as presented in the testimony. The record here fails to establish that the trial court erred.

I would affirm the conviction.