## PEOPLE v M & B EQUIPMENT COMPANY

Docket No. 78-3660. Submitted November 20, 1979, at Detroit.—Decided December 19, 1979.

A tractor in train with a semi-trailer and a trailer owned by M & B Equipment Company was stopped by a Public Service Commission officer who suspected that the vehicle was overweight. Three axles of the semi-trailer were weighed together and this figure was divided by three to show the weight per axle at 18,300 pounds which was 5,300 pounds over the legal weight limit per axle of 13,000 pounds. The three axles were equipped with an equalizer in the suspension between them. The officer stated that he could have weighed each axle separately but elected to weigh them together to save time. The public service officer signed a complaint and in the trial that followed a district court jury found M & B guilty. A fine of $1,590 plus costs of $200 was assessed by the court. M & B appealed the district court decision to Macomb Circuit Court. Frank E. Jeannette, J., affirmed the district court conviction of M & B on the charge of operating an overweight truck. Defendant appeals by leave granted. The question presented is: Where three axles of a semi-trailer, equipped with an equalizer in the suspension between them, are weighed together rather than separately, and a fine is imposed in accordance with the total overweight divided by three, is said procedure and fine in accordance with the provisions of the overweight law. *Held:*

Excess load is measured on a weight per-axle basis for the purpose of levying overweight fines. Axles may not be weighed together to compute a per-axle weight by assuming that each axle carries an equal share of the excess weight. The graduated penalty provisions of the overweight statute require exact rather than an average per-axle determination of overweight. It

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 194 *et seq.*

7 Am Jur 2d, Automobiles and Highway Traffic §§ 160, 167, 313.

Construction and operation of statutes or regulations restricting the weight of motor vehicles or their loads. 45 ALR 3d 503.

[2] 21 Am Jur 2d, Criminal Law § 17.

73 Am Jur 2d, Statutes § 274.

was error to send the case to the jury on the basis of an averaging procedure to establish overload by weighing three axles together. The district court verdict, the assessment of fine, and the circuit court's affirmance are all contrary to law.

Reversed.

1. Fines — Weight Restrictions — Gross Vehicle Weight — Excess Weight — Statutes.

A statute provides that "gross vehicle weight" may be determined by weighing groups of truck or trailer axles but nothing in the statute states that such procedure shall be permitted to determine "excess load", which, according to precedent, is done on a weight-per-axle basis for the purpose of levying overweight fines; it is error to weigh axles together and compute a per-axle weight by assuming that each axle carries an equal share of the excess weight for purposes of assessing overweight fines. (MCL 257.722, 257.724; MSA 9.2422, 9.2424).

2. Statutes — Criminal Law — Penal Statutes — Strict Construction.

A penal statute should be construed strictly in favor of an accused.

*George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Antonio Cavaliere,* Assistant Prosecuting Attorney, for the people.

*Sullivan & Leavitt, P.C.* (by *Andrew J. Haliw),* for defendant.

Before: Allen, P.J., and M. J. Kelly and N. J. Lambros,* JJ.

Allen, P.J. Where three axles of a semi-trailer, equipped with an equalizer in the suspension between them, are weighed together rather than separately, and a fine is imposed in accordance with the total overweight, divided by three, is said procedure and fine in accordance with the provisions of the vehicle overweight law, MCL 257.722; MSA 9.2422 and MCL 257.724; MSA 9.2424? On

---

* Circuit judge, sitting on the Court of Appeals by assignment.

June 30, 1978, the circuit court answered this question in the affirmative when it affirmed the district court conviction by jury of defendant on a charge of operating an overweight truck. Defendant appeals by leave granted. The issue presented is of first impression and of considerable importance to the Public Service Commission and the trucking industry.

On January 21, 1977, one of the defendant's trucks carrying clay fill on I-94 was stopped by a Public Service Commission officer who suspected the vehicle was overweight in violation of the statute cited above. The truck was a 1973 Mack Tractor in train with a semi-trailer and a trailer. A schematic drawing, not made to scale, best illustrates the weighing procedure.

The truck was taken to the nearest weigh station where a platform scale was used. Axles #2 and #3 weighed 40,250 pounds together. The maximum for each axle is 16,000 pounds and the officer divided by two and determined that each axle weighed 20,100 pounds. The district court jury eventually found no violation as to these axles and the matter is not pursued on appeal.

The controversy in this appeal pertains to axles

#4, & #5, and #6 under the trailer. These were weighed together at 55,100 pounds. The officer divided this figure by three, rounded off, to show a weight per axle of 18,300 pounds, 5,300 pounds over the legal weight limit per axle of 13,000 pounds. The remaining axles, #7-11 were weighed and found to be underweight. The officer testified that axles #4, #5, and #6 were "equalized" by interconnecting springs which shifted some of the weight on one axle to another. However, the officer admitted the weight on each axle would not necessarily be identical. He further stated that he could have weighed each axle separately but elected to weigh them together to save time. In so doing, he said, he was following the Public Service Commission truck weighing manual.[1] He explained that weighing all axles together, the truck owner could "come out on top".

The trial judge did not instruct the jury to determine the *amount* of the *overweight per axle* but instructed:

"You're presented with three possible verdicts in this particular matter. It is alleged by the Mr. Piche, as a representative of the Department of Commerce Public Service Commission, that axles two and three were each 4,100 pounds overweight or a combined overweight of 8,200 pounds.

"A separate allegation is that four, five and six were each 5,300 pounds overweight.

"Of course, you may find the Defendant not guilty on either charge. You could find the defendant guilty of being 8,200 pounds overweight or you could find the Defendant guilty of being 15,900 pounds overweight or

---

[1] *Triple Combinations:* Determine whether or not all three axles are operating as individual axles or if two or even three are connected by means of an equalizer. (See semi-trailer in Exhibit C.) If any two or three axles in this combination are connected by an equalizer those axles should be weighed together and divided by the number of axles involved to determine the weight of each axle involved.

could find the Defendant guilty of being 24,100 pounds overweight.

"You have heard the evidence. You are the ones to determine the facts and as I look at the summons, there are two separate matters involved. You have axles two and three and then you have four, five and six. The balance of the equipment is not under challenge so therefore, that would be the verdicts as I would see it.

"You could find them not guilty on either charge as to axles two and three or not guilty to four, five and six or you could return a verdict, depending upon what you determine, the overweight, if any, to be. That is your entire province to determine for me what the overweight is, if any, and I'm not suggesting that there is or isn't overweight but you have heard the testimony and that is for you to consider."

The jury returned a verdict of not guilty as to axles #2 and #3, and guilty as to axles #4, #5 and #6 but without specifying any amounts of overweight, either in gross or per axle. Defendant's motion for a new trial was denied and a penalty of $1,590 was assessed by the trial judge who computed the penalty at $.10 per pound on a total overweight of 15,900 pounds divided by 3, or $530 per axle. Defendant appealed the jury's verdict to the Macomb County Circuit Court which, on June 30, 1978, affirmed the district court verdict, judgment and fine.

The question presented is whether the applicable section of the vehicle overweight statute[2] requires a determination of weight on a per-axle basis. The two sections involved were construed by our Supreme Court in *People v Adamowski,* 340 Mich 422; 65 NW2d 753 (1954). In that case five axles had been weighed separately and each axle

[2] There are two applicable sections. One is related to overweight, MCL 257.722; MSA 9.2422. The other pertains to the computation of the fine once the overweight is determined, MCL 257.724; MSA 9.2424.

found overweight. The circuit judge determined the fine by applying the statutory rate of fine (10 cents per pound) to the total overweight of the five axles combined, for a fine of $850. Later the trial judge reversed his position and applied the statutory rate of fine (6 cents and 2 cents) on a per-axle basis for a fine of $255. After carefully considering the legislative history of the act and noting that, in committee, language providing that excess load means excess of the total load weight was stricken, the court concluded that the fine should be levied on a per-axle basis. In our opinion, *Adamowski* controls unless, as defendant contends, that decision is no longer viable.

We are told that *Adamowski* does not control because, there, each axle had been weighed separately and the question presented was the method of calculating the fine (§ 724) rather than, as in the instant case, the determination of excess weight (§ 722). While this is technically correct, it is also true that the *Adamowski* Court could not arrive at the proper computation of the fine without first determining the correct method of weighing. This, the Court held to be on a per-axle basis. We are not persuaded by defendant's argument on this point.

Second, we are told that since the date of *Adamowski,* the Motor Vehicle Code has been amended in two respects pertinent to the situation before us. Both amendments were made in 1967 PA 277. The first amendment added a new section, § 67a,[3] which defined the phrase "tandem axle

---

[3] "Sec. 67a. 'Tandem axle assembly' means 2 axles spaced more than 3 feet 6 inches and less than 9 feet apart, 1 axle in front of the other and so attached to the vehicle wherein an attempt is made by connecting mechanism to distribute the weight equally between the 2 axles." 1949 PA 300, § 67a, added by 1967 PA 277, § 1, Eff. Nov. 2, 1967.

assembly" appearing in § 722(b) and § 722(c) when *Adamowski* was decided. We fail to perceive how a definition of a phrase in the statute present at the time the decision was handed down changes the decision. Additionally, the amendment pertains to a two-axle situation whereas the instant case involves a three-axle assembly.

Third, the second of the two amendments was the addition of subsection (g) to subsection 722(4). It reads:

"(g) For the purpose of enforcement of this act, the gross vehicle weight of a single vehicle and load or a combination of vehicles and loads, shall be determined by weighing individual axles *or groups of axles* and *the total weight on all the axles shall be the gross vehicle weight.*" (Emphasis supplied.)

We are told that by this amendment the Legislature authorized the weighing of groups of axles when, as here, the axles were connected with an equalizing mechanism. We do not agree. We read subsection (g) as permitting the weighing of groups of axles to determine the "gross vehicle weight".[4] Nothing therein states it shall be permitted to determine "excess load". Had the Legislature really intended to broaden the statute so as to permit the computation of "excess load" by weighing groups of axles and dividing, we believe the Legislature would have clearly so stated. The fact that the Legislature has not done so indicates to us that the holding in *Adamowski* retains its vitality.

Finally, it is argued that the transcript clearly

---

[4] "Gross vehicle weight" is defined in § 722(h)(iii). It also is relevant in § 724(c) which provides that a smaller fine may be imposed "where at the time of the violation either the motor vehicle, motor vehicle and semi-trailer, or trailer, *did not exceed the total weight* which would be lawful for each such unit by *a proper distribution of the load upon the various axles supporting each such unit*". (Emphasis supplied.)

shows that the presence of an equalizer between axles #4-#6 consistently shifted weight between all three axles so that the weight on each was the same. The testimony was not all that clear. The arresting officer admitted that the method of weighing three axles together does not give the actual weight per axle. He stated that the only way axle weight can be accurately determined is to weigh each axle separately. While this may appear to be an overly technical construction of the statute, it must be remembered that the statute authorizes the levy of criminal penalties. Further, at oral argument counsel for plaintiff acknowledged that the degree to which an equalizing device succeeds in evenly distributing the load varies with the degree of maintenance and upkeep of the vehicle. Counsel also frankly acknowledged that the statute was ambiguous on the question at issue. Statutes penal in nature must be strictly construed in favor of the accused. 3 Sutherland, Statutory Construction (4th ed), § 59.03, p 6; *Club Holding Co v Flint Citizens Loan & Investment Co,* 272 Mich 66, 72; 261 NW 133 (1935). The graduated nature of the penalty provisions (§ 724[c]) require an exact, rather than an average, per-axle determination of overweight. For example, if an axle is found to be 2,000 pounds over the maximum allowed in § 722, the fine is 2 cents per pound or $40. But if the excess weight is found to be 5,300 pounds the fine is 10 cents per pound or $530. This being true, it simply does not follow that under the averaging method the customer "comes out on top". If even one of the three axles in the instant case had weighed less than 5,300 pounds overweight, the fine would have been less.

Though we disagree with plaintiff's interpretation of the statute, we are impressed by the prob-

lem which modern technology has thrust upon the Public Service Commission. The difficulty of accurately weighing multiple axle trucks per axle is staggering. It may well be that the public interest would be better served if, under certain conditions, excess weight could be determined by weighing groups of axles. The remedy lies with the Legislature rather than with administrative rule promulgated in a manual or with judicial construction by this Court. We respectfully suggest that the Legislature address the problem at its next session. Until the statute is so amended we hold it is error to weigh axles together and compute a per-axle weight by assuming each axle carries an equal share of the excess weight. It was error to send the case to the jury on such basis. Since the verdict, the assessment of fine, and the circuit court's affirmance were all based on the averaging procedure, all are contrary to law. It now being impossible to rectify the mistake by computing the exact per-axle overweight, a new trial is not ordered.[5]

Reversed. Defendant's conviction and fine are vacated.

---

[5] Other grounds of error were raised by defendant but, because of our decision on the main issue, they are not considered in this opinion.