CITY OF LIVONIA v GORETSKI CONSTRUCTION COMPANY

Docket No. 203057. Submitted February 10, 1998, at Detroit. Decided April 10, 1998, at 9:30 A.M.

The city of Livonia assessed a $6,980 fine against Goretski Construction Company when a seven-axle truck owned by Goretski was found to exceed the maximum weight limits set forth in a city ordinance. The Wayne Circuit Court, Amy P. Hathaway, J., affirmed an order of the 16th District Court, Robert B. Brzezinski, J., that denied the defendant's motion to limit the fine to $500. The Court of Appeals entered an order on May 3, 1996, denying leave to appeal and denied rehearing of that decision in an order entered July 2, 1996 (Docket No. 192503). The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted. 454 Mich 905 (1997).

The Court of Appeals *held*:

1. The police officer that stopped the vehicle did determine the total weight on all the axles as required by MCL 257.722(7); MSA 9.2422(7). The officer properly concluded that a "lift" axle that was lifted, and thus bore no weight, weighed zero, even though the officer did not weigh the axle.

2. The officer's failure to weigh the lifted axle did not deprive the defendant of a potential misload defense as provided in MCL 257.724(3); MSA 9.2424(3), because the total weight of the vehicle far exceeded the total weight limit and no distribution of the weight would have precluded the assessment of the fine.

3. The evidence does not support the defendant's claim that a load shift, resulting in the calculation of a greater fine, occurred when the truck was moved from the location of the initial traffic stop on I-275 in the city of Livonia to a Canton Township rest area where it was weighed.

4. MCL 257.724(1); MSA 9.2424(1) does not require that the weighing occur at the site of the initial traffic stop and does not prevent a weighing outside the jurisdictional limits of the jurisdiction where the initial stop occurred.

5. MCL 764.2a; MSA 28.861(1) was not violated when the officer stopped the vehicle within the officer's jurisdiction and continued

the investigatory process by weighing the vehicle in another jurisdiction.

6. The city of Livonia, a home rule city, was authorized to impose a fine exceeding $500. 1994 PA 17, effective one year before the instant event, added language to MCL 117.4i(k); MSA 5.2082(k) that authorized home rule cities to provide for the levy of certain fines within their charter. It also added MCL 117.4l(a); MSA 5.2083(2)(a), which authorized home rule cities to charge overweight vehicle fines consistent with the Michigan Vehicle Code. The $6,980 fine for violation of the Livonia ordinance was levied in a manner consistent with the Michigan Vehicle Code.

7. The omission in 1994 PA 313, enacted eighty-one days after 1994 PA 17, of the language added to § 4i by 1994 PA 17 was unintentional. 1996 PA 179, enacted once the omission caused by 1994 PA 313 was discovered, reenacted the language provided by 1994 PA 17, but omitted by 1994 PA 313. Limiting the overweight fine to $500 because of an inadvertent drafting error in 1994 PA 313 would lead to absurd and unjust results. The circuit court properly found that the city had the authority to levy the fine exceeding $500.

Affirmed.

1. AUTOMOBILES — TRUCKS — WEIGHT RESTRICTIONS — AXLES CARRYING NO WEIGHT.

A "lift" axle on a multiaxle truck that is uplifted and therefore carries no weight weighs zero when determining the total weight on all the axles for purposes of enforcement of the overweight vehicle provisions of the Michigan Vehicle Code (MCL 257.722[7]; MSA 9.2422[7]).

2. AUTOMOBILES — TRUCKS — WEIGHT RESTRICTIONS — PLACE OF WEIGHING VEHICLES.

MCL 257.724(1); MSA 9.2424(1) does not mandate that the weighing of a vehicle suspected of being overweight occur at the site where the vehicle is initially stopped and does not prohibit the subsequent weighing of the vehicle at a place outside the jurisdictional limits of the jurisdiction where the initial stop occurred.

3. MUNICIPAL CORPORATIONS — HOME RULE CITIES — ORDINANCE VIOLATIONS — FINES.

The omission in 1994 PA 313 of language added to MCL 117.4i(k); MSA 5.2082(k) by 1994 PA 17 that authorized a home rule city to impose in certain instances fines exceeding $500 for the violation of certain city ordinances was inadvertent and does not prevent the imposition of such fines.

*Sean P. Kavanagh*, City Attorney, and *Michael E. Fisher*, Assistant City Attorney, for the plaintiff.

*The Law Offices of Sullivan and Leavitt, P.C.* (by *Michael J. Leavitt, Joseph R. Mariniello*, and *Martin J. Leavitt*), for the defendant.

Before: DOCTOROFF, P.J., and REILLY and G. S. ALLEN*, JJ.

G. S. ALLEN, J. Defendant, Goretski Construction Company, appeals by leave granted the Wayne Circuit Court order affirming a prior district court order. The previous district court order denied defendant's motion to limit fines levied on overweight vehicles traveling through the city limits of Livonia. In this matter of first impression we are asked to determine whether the city of Livonia, a home rule city, had authority in May 1995 to assess fines exceeding $500 for overweight truck violations. We affirm.

On May 3, 1995, Livonia Police Officer David Studt observed a seven-axle Mack truck with a Fruehauf trailer heading south on I-275 near Seven Mile Road. Tires on the three rear axles showed signs of carrying a load in excess of the city ordinance weight limits for the roadway; the fourth, or "lift" axle was in a raised position. Officer Studt motioned the driver to pull over and submit documents of identification and weight. The driver identified the truck as being owned by defendant and presented two weight slips, one indicating 124,900 pounds and the other 117,800 pounds. According to Officer Studt, both weights

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

exceeded the maximum weight limits set forth in Livonia Ordinance No 10.54.240.

Because of the maximum-weight violations, Officer Studt directed the driver to proceed to a rest area in Canton Township for further weighing. Using portable scales and unassisted by anyone else, Office Studt weighed the truck and determined that its gross weight was 125,800 pounds. He also determined that the second, third, fifth, sixth, and seventh axles were all overweight. The fourth, or "lift" axle was not weighed because it was in a raised position. On the basis of these figures, Officer Studt issued an overweight fine in the amount of $6,980.

In bifurcated proceedings in the district court, defendant moved to limit the overweight fine to $500, which was denied. Defendant next argued that Officer Studt lacked authority to weigh the vehicle outside Livonia city limits and that the vehicle was improperly weighed. At a hearing in September 1994, Officer Studt testified that he chose to not weigh the vehicle on the side of the road where it was pulled over because a more accurate and quicker weighing could be done on the more even terrain at the Canton Township rest area. He explained that he did not weigh the fourth axle because it was not bearing any weight when the truck was first stopped. He admitted that he did not know what type of commodity the truck was carrying and that the load could have shifted when the truck was moved to the rest area At the conclusion of the hearing, defendant renewed its motion to limit the fine to $500. The district court ruled against defendant with regard to all issues raised.

Defendant raised the same issues on appeal to the circuit court, which affirmed the district court decision. The circuit court specifically ruled: (1) that the vehicle was in violation of the Livonia weight ordinance, (2) that the weighing process was proper and that failure to weigh the fourth axle was at most harmless error, and (3) that given the legislative history of the several amendments involved, the Legislature intended to permit Livonia to levy fines in excess of $500.

This Court originally denied leave to appeal in an order entered May 3, 1996 (Docket No. 192503), and thereafter denied rehearing of that decision in an order entered July 2, 1996. The Michigan Supreme Court, in lieu of granting leave to appeal, remanded to this Court for consideration as on leave granted. 454 Mich 905 (1997). Defendant raises three issues on appeal:

> I. Whether the lower courts erred in determining that the vehicle was properly weighed by Officer Studt?
>
> II. Whether the lower courts clearly erred in ruling that Livonia had authority to weigh the vehicle outside the city limits?
>
> III. Whether the lower courts erred in determining that MCL 117.4i(k); MSA 5.2082(k) did not limit Home Rule Cities to levying fines of $500 or less for truck overweight violations?

We find no error in the circuit court decisions and affirm.

I

Defendant first argues that Officer Studt improperly weighed the vehicle by failing to weigh the fourth or

"lift" axle as required by MCL 257.722(7); MSA 9.2422(7), which provides in relevant part:

> For the purpose of enforcement of this act, the gross vehicle weight of a single vehicle and load or a combination of vehicles and loads, shall be determined by weighing individual axles or groups of axles, and *the total weight on all the axles* shall be the gross vehicle weight. [Emphasis supplied.]

We find no violation. Where, as here, the axle is uplifted, it carries no weight. Thus, Officer Studt did determine "the total weight on all the axles" as required by the statute. A failure to weigh axles separately is error. See *People v M & B Equipment Co*, 94 Mich App 439, 446-447; 289 NW2d 38 (1979). However, in that decision, the officer erroneously assumed that each of the three axles being used bore an equal amount of the load. The instant case involves the failure to weigh an axle that bore no weight and the officer quite properly concluded its weight was zero. Therefore, the circuit court properly ruled that failure to weigh the fourth axle was at most harmless error.

Defendant further claims that failure to weigh the fourth axle deprived it of a potential "misload" defense as provided in MCL 257.724(3); MSA 9.2424(3).[1] That statute allows the trial court to lower

---

[1] That statute provides in relevant part:

[T]he court shall have discretionary power as to the amount of the civil fine within the schedule provided by this subsection and may impose the civil fine provided in section 907(3) for a civil infraction where, at the time of the violation, either the motor vehicle . . . did not exceed the total weight which would be lawful for each unit by a proper distribution of the load upon the various axles supporting each unit.

a fine where the weight on certain axles exceeds the individual axle limit, but the total weight of the vehicle is within the applicable limits. In the instant case, defendant's truck far exceeded the total weight limits and no distribution of weight would have precluded assessment of an overweight-vehicle fine. Accordingly, the weighing method employed by Officer Studt both compensated plaintiff for extra damage to its roadway and did so without depriving defendant of the "misload" defense.

Lastly, defendant argues that a load shift, resulting in the calculation of a greater fine, occurred when the truck was moved for weighing purposes from the location of the initial traffic stop to the Canton Township rest area. We find no merit in this claim because defendant failed to present any evidence in support of this theorem at the hearing in the district court.

## II

Defendant next argues that plaintiff lacked authority to weigh defendant's truck at the Canton Township rest area, which is outside the city limits of Livonia. We disagree. Livonia Ordinance No 10.54.240 parallels the language of MCL 257.724(1); MSA 9.2424(1) and describes the procedure for stopping vehicles for weighing as follows:

> A police officer or a duly authorized agent of the state transportation department or a county road commission having reason to believe that the weight of a vehicle and load is unlawful *may require the driver to stop and submit to a weighing of the vehicle* by either portable or stationary scales approved and sealed by the department of agriculture as a legal weighing device, *and may require that the vehicle be driven to the nearest weighing station of the state transportation department* . . . to determine whether

the conveyance is loaded in conformity with this chapter.
[Emphasis supplied.]

Defendant erroneously claims that Officer Studt violated the ordinance because he neither weighed the vehicle at the site of the initial stop nor directed the driver to a state-operated weighing station. Nothing in the ordinance mandates that the weighing occur at the place of the initial stop. Instead, the language "may require the driver to stop and submit to a weighing of the vehicle" opens the door to a weighing outside the jurisdictional limits of the jurisdiction where the initial stop occurred. Furthermore, although the Canton Township rest stop is not a state-operated weighing station, it was purposely equipped with specially constructed cut-outs, made on a level surface, on which portable scales could be placed for accurate and speedy vehicle weighing. Finally, as recognized by the circuit court, conducting the weighing at the Canton Township rest area (instead of along I-275) increased the safety to the motoring public. Accordingly, MCL 257.724(1); MSA 9.2424(1) would not prevent Officer Studt from weighing defendant's truck at the Canton Township rest area, instead of within the city limits of Livonia at the site of the initial stop.

Defendant also claims that the weighing of the vehicle outside the officer's jurisdictional limits violated MCL 764.2a; MSA 28.861(1). We disagree. That statute provides:

A peace officer of a county, city, village, or township of this state may exercise authority and powers outside his own county, city, village, or township, when he is enforcing the laws of this state in conjunction with the Michigan state police, or in conjunction with a peace officer of the county,

city, village, or township in which he may be, the same as if he were in his own county, city, village, or township.

In the instant case, the initial traffic stop occurred within the officer's jurisdiction. Defendant does not contest the initial stoppage or the validity of defendant's own weight slips that clearly disclosed an overweight violation. The subsequent weighing in Canton Township was in essence part of an investigatory process to determine the size of the violation and the consequent fine. Such investigative techniques are entirely proper where the initial stoppage occurred within the officer's jurisdiction.

Defendant's reliance on *People v Meyer*, 424 Mich 143; 379 NW2d 59 (1985), and *Coleman v Bolton*, 24 Mich App 547; 180 NW2d 319 (1970), is misplaced. Both *Meyer* and *Coleman* involved situations where the officers' initial actions occurred in areas outside their respective jurisdictions. As previously discussed, the initial stoppage herein occurred in the city of Livonia, which is within Officer Studt's jurisdiction. Moreover, even if Officer Studt did violate MCL 764.2a; MSA 28.861(1) by weighing the vehicle in Canton Township after making the initial stop in Livonia, the officer's testimony would still be admissible and the citation against defendant would continue to be valid. See *People v Clark*, 181 Mich App 577, 580-582; 450 NW2d 75 (1989). Therefore, the lower court did not err in refusing to dismiss the charges against defendant on this basis.

III

Defendant's final argument is that plaintiff, a home rule city, lacked authority to impose an overweight fine in excess of $500. We again disagree. Before

1994, the Home Rule City Act, MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*, limited fines that a city could collect for an ordinance violation to $500. Serious challenges to the $500 limitation, as applied to vehicle over-weight violations, surfaced in 1991. See *Huron Twp v City Disposal Systems, Inc*, 201 Mich App 210; 505 NW2d 897 (1993). Municipal officials, concerned with the potential loss of revenue if overweight fines were restricted to $500, sought redress from the Legislature.

The Legislature responded with seven corrective acts giving authority to several units of government to impose fines exceeding $500 for various infractions, including truck overweight violations. 1994 PA 17, effective May 1, 1994, specifically applied to home rule cities, such as Livonia. The highlighted language amended the act to allow home rule cities to provide in their charters:

> (k) For the punishment of persons who violate city ordi-nances *other than ordinances described in section 4l(1), (2), or (3)* [MCL 117.4l(1), (2), or (3); MSA 5.2083(2)(1), (2), or (3)]. However, the penalty for a violation of *such* a city ordinance shall not exceed a fine of $500.00, or impris-onment for 90 days, or both. [MCL 117.4i(k); MSA 5.2082(k).]

1994 PA 17 also added the following new provision to the act:

> (1) Consistent with any of the following statutes and whether or not authorized by the city charter, the legislative body of a city may adopt an ordinance that designates a violation of the ordinance as a civil infraction and provides a civil fine for that violation:
> (a) The Michigan vehicle code, Act No. 300 of the Public Acts of 1949, being sections 257.1 to 257.923 of the Michi-

gan    Compiled    Laws.    [MCL    117.4l(1)(a);    MSA
5.2083(2)(1)(a). ]

On July 21, 1994, just eighty-one days after 1994 PA
17 became law, the Legislature passed another statute
that also amended § 4i of the act. 1994 PA 313, known
as the "Public Nudity Bill," amended the authority of
home rule cities to regulate the display of female
breasts not otherwise incidental to breastfeeding.
Nothing in the legislative history of 1994 PA 313
referred to 1994 PA 17 or to the newly conferred
authority of home rule cities to levy fines exceeding
$500 for vehicle overweight violations. Nevertheless,
the published text of 1994 PA 313 omitted the high-
lighted language added by 1994 PA 17. In short, 1994
PA 313 sub silentio struck out the newly created
authority of home rule cities to levy fines exceeding
$500 for Michigan Vehicle Code violations and
returned MCL 117.4i(k); MSA 5.2082(k) to its former
language.

It is the Legislature's removal in 1994 PA 313 of all
reference to the home rule cities' authority to levy
fines in excess of $500 in certain situations, conferred
by 1994 PA 17, upon which defendant principally
relies to claim error in the instant case. Defendant
argues there was nothing vague or ambiguous about
the language of MCL 117.4i(k); MSA 5.2082(k) when
the fine was levied in May 1995, and that therefore
judicial construction was precluded.

We agree with defendant that judicial construction
is generally neither necessary nor permitted when a
statute is clear and unambiguous. *Lorencz v Ford
Motor Co*, 439 Mich 370, 376; 483 NW2d 844 (1992).
However, literal construction of a statute that would
produce absurd and unjust results clearly inconsistent

with the purposes and policies of the statute should be avoided. *Rowell v Security Steel Processing Co*, 445 Mich 347, 354; 518 NW2d 409 (1994).

A literal construction of MCL 117.4i(k); MSA 5.2082(k) would lead to such absurd and unjust results. *Id.* 1994 PA 17 did more than merely add the language to MCL 117.4i(k); MSA 5.2082(k) that authorized home rule cities to provide for the levy of certain fines within their charters. It also added new section MCL 117.4l(a); MSA 5.2083(2)(a), which clearly authorized home rule cities to charge overweight vehicle fines consistent with the Michigan Vehicle Code, "whether or not authorized by the city charter . . . ." Livonia did enact such an ordinance and defendant does not argue that the fine was levied in a manner inconsistent with the Michigan Vehicle Code.

Furthermore, the primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Stanaway*, 446 Mich 643, 658; 521 NW2d 557 (1994), cert den sub nom *Michigan v Caruso*, 513 US 1121; 115 S Ct 923; 130 L Ed 2d 802 (1995); *Farrington v Total Petroleum, Inc*, 442 Mich 201, 212; 501 NW2d 76 (1993). A legislative amendment made soon after a controversy arises can be regarded as an expression of the Legislature's interpretation of the original act. *Detroit v Walker*, 445 Mich 682, 697; 520 NW2d 135 (1994).

Here, we are guided in our interpretation by the Legislature's actions once the omission caused by 1994 PA 313 was discovered. The Legislature enacted 1996 PA 179 on April 19, 1996. That act reenacted the very language provided by 1994 PA 17, but omitted by 1994 PA 313. Senate bill analysis of the statute discloses that when the Legislature passed the "Public

Nudity" bill (1994 PA 313), it had no intention of removing the authority granted cities by 1994 PA 17 to levy fines in excess of $500 for overweight vehicle violations:

> A package of bills enacted early in 1994 provides for the enforcement and adjudication of "municipal civil infractions" by local units of government. . . . This package includes Senate Bill 736 (Public Act 17 of 1994), which made these changes in the Home Rule City Act, and permitted civil infraction fines to exceed the Act's maximum $500 fine for city ordinance violations. Later in 1994, another package of bills was enacted to permit cities, villages, and townships to regulate or prohibit the public display of a female's breast. One of those bills, Senate Bill 107 (Public Act 313 of 1994), amended the Home Rule City Act. That bill, however, failed to include language added by Public Act 17 making an exception for civil infractions to the Act's maximum fine provision. As a result, violations designated as civil infractions, or municipal civil infractions, by a home rule city became subject to the $500 maximum fine. Since this change apparently *was the result of an inadvertent drafting error*, it was suggested that the exception for civil infraction fines be reinstated. [Senate Bill Analysis, SB 667, July 3, 1996. Emphasis supplied.]

By enacting 1996 PA 179, the Legislature made it clear that the omission in 1994 PA 313 of language added to § 4i of the Home Rule Cities Act by 1994 PA 17 was unintentional. Limiting the overweight fine to $500 because of an inadvertent drafting error would lead to an absurd and unjust result and should therefore be avoided. *Rowell, supra.* Accordingly, the circuit court properly determined that Livonia had authority to levy a fine in excess of $500 for an overweight-vehicle violation.

Lastly, we reject defendant's claim that if this Court found MCL 117.4i(k); MSA 5.2082(k) ambiguous, we

would be prohibited from interpreting a penal statute against defendant. As plaintiff correctly notes, that section is a municipality enabling statute, not a penal statute. Therefore, defendant's argument must fail.

For the foregoing reasons and having found no error in regard to the three issues raised, the judgment of the circuit court is affirmed. No costs, a question of public importance being involved.